No. 22-10502

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

DEUNATE TAREZ JEWS,
*Defendant-Appellant.*

---

On Appeal from the United States District Court for the Northern
District of Alabama Case No. 1:20-cr-00211-CLM-SGC

---

# INITIAL BRIEF OF APPELLANT
# DEUNATE TAREZ JEWS

KEVIN L. BUTLER
Federal Public Defender
Northern District of Alabama

ALLISON CASE
Assistant Federal Defender
505 20th St North, Suite 1425
Birmingham, Alabama 35203
205-208-7170
Allison_Case@fd.org

ALEXANDRIA DARBY
Appellate Attorney
200 Clinton Ave West, Suite 503
Huntsville, AL 35801
256-684-8700
Alex_Darby@fd.org

May 19, 2022

# Certificate of Interested Persons and Corporate Disclosure Statement

1. Billingsley, Michael B., Assistant United States Attorney for the Northern District of Alabama;

2. Butler, Kevin L., Federal Public Defender for the Northern District of Alabama;

3. Case, Allison, Assistant Federal Public Defender for the Northern District of Alabama;

4. Cornelius, The Honorable Staci G., United States Magistrate Judge for the Northern District of Alabama;

5. Darby, Alexandria, Appellate Attorney for the Office of the Federal Public Defender for the Northern District of Alabama;

6. Escalona, Prim F., United States Attorney for the Northern District of Alabama;

7. Gibson, James T., Assistant Federal Public Defender for the Northern District of Alabama;

8. Jews, Deunate Tarez, Defendant-Appellant;

9. Krueger, Julie, United States Probation Officer for the Northern District of Alabama;

C-1

10. Maze, The Honorable Corey L., United States District Judge For the Northern District of Alabama;

11. Plyer, Brittany L., Assistant United States Attorney for the Northern District of Alabama;

12. Vlisides, Alexander Peter, Former Assistant Federal Public Defender for the Northern District of Alabama; and

13. White, Bradley, Supervisory United States Probation Officer for the Northern District of Alabama.

# Request for Oral Argument

Mr. Jews respectfully requests oral argument pursuant to Fed. R. App. P. 34(a)(1). Oral argument is needed because the issue on appeal concerns a question this Court has not yet answered in a published opinion—whether an Alabama adjudication as a youthful offender for an offense committed before the age of 18, qualifies as an adult conviction under U.S.S.G. § 2K2.1 and U.S.S.G. § 4A1.2. This Court's review may be significantly aided with oral argument.

# TABLE OF CONTENTS

Certificate of Interested Persons and Corporate Disclosure
    Statement ........................................................................... c-1

Request for Oral Argument........................................................ i

Table of Contents ..................................................................... ii

Table of Authorities................................................................. iv

Statement of Jurisdiction......................................................... vii

Statement of the Issue ............................................................... 1

Statement of the Case ................................................................ 2

    I.   Course of Facts and Course of Proceedings Below .................... 2

    II.   Standard of Review.................................................... 5

Summary of the Argument ....................................................... 6

Argument.................................................................................. 7

    I.   The district court erred by enhancing Mr. Jews's sentence
under U.S.S.G. § 2K2.1 based on its determination that his
prior youthful offender adjudication was a "prior felony
conviction" that qualified as a "crime of violence." ................... 7

        a.  A prior Alabama YO adjudication based on an
offense committed before the age of 18 does not
qualify as an "adult felony" under Alabama law, and
thus, is not a "prior felony conviction" under
U.S.S.G. § 2K2.1. ............................................................. 7

        b.  This Court has not yet addressed whether an

Alabama YO adjudication, when committed by a defendant under the age of 18, is as an "adult felony conviction," and thus qualifies as a "prior felony conviction." ................................................................. 11

II.  The prior YO adjudication should not result in criminal history points under U.S.S.G. § 4A1.2(d) because Mr. Jews was not convicted as an adult.................................................... 16

Conclusion ............................................................................. 19

Certificate of Compliance .......................................................20

Certificate of Service .............................................................21

# TABLE OF AUTHORITIES

## Federal and State Cases                                           Page(s)

*Gordon v. Nagle*, 2 F.3d 385 (11th Cir. 1993) ...........................................9

*Hunt v. State*, 453 So. 2d 1083 (Ala. Crim. App. 1984) ........................ 11

*J.C. v. State*, 941 So. 2d 1011 (Ala. Crim. App. 2005) .............................9

*Raines v. State*, 317 So. 2d 559 (Ala. 1975)...............................................9

*State v. A.J.*, 877 So. 2d 635 (Ala. Crim. App. 2003) .............................. 10

*United States v. Acosta*, 287 F.3d 1034 (11th Cir. 2002).......................13

*United States v. Bushert*, 997 F.2d 1343 (11th Cir. 1993).......................2

*United States v. Elliot*, 732 F.3d 1307 (11th Cir. 2013) ................ *passim*

*United States v. Hazelett*, 32 F.3d 1313 (8th Cir. 1994) ........................14

*United States v. McGhee*, 651 F.3d 153 (1st Cir. 2011) ..........................13

*United States v. Mejias*, 47 F.3d 401 (11th Cir. 1995)............................14

*United States v. Pinion*, 4 F.3d 941 (11th Cir. 1993).......................14, 17

*United States v. Sitton,* 21 F.4th 873 (4th Cir. 2022) .............................14

*United States v. Wilks*, 464 F.3d 1240 (11th Cir. 2006) ...................14, 15

*United States v. Willis*, 106 F.3d 966 (11th Cir. 1997)...........................14

## Federal Rules of Appellate Procedure .................................. Page(s)

Fed. R. App. P. 4(b)(1)(A)(i) ........................................................................ v

Fed. R. App. P. 32(a)(7)(B) ................................................................. 20

Fed. R. App. P. 32(g) ........................................................................... 20

Fed. R. App. P. 34(a)(1) ......................................................................... i

**United States Code**                                                    **Page(s)**

18 U.S.C. § 921(a)(20) ......................................................................... 14

18 U.S.C. § 922(g) ................................................................................. 2

18 U.S.C. § 3231 ................................................................................... v

18 U.S.C. § 3742 ................................................................................... v

21 U.S.C. § 841(b)(1)(A) ..................................................................... 13

28 U.S.C. § 1291 .................................................................................. v

**State Code**                                                            **Page(s)**

Ala. Code § 12-15-204(a) ...................................................................... 9

Ala. Code. § 15-19-1(b) ....................................................................... 10

Ala. Code § 15-19-3 ............................................................................. 10

Ala. Code § 15-9-4 ............................................................................... 10

Ala. Code § 15-19-7 ......................................................................... 9, 10

Fla. Stat. § 958.04 (2006) .................................................................... 15

S.C. Code Ann. §§ 24-19-10(d), (f) (1993) ......................................... 15

**11th Circuit Rules and Internal Operating Procedures    Page(s)**

11th Cir. R. 32-4 ...................................................................... 20

**United States Sentencing Guidelines    Page(s)**

U.S.S.G. § 2K2.1 ................................................................ *passim*

U.S.S.G. § 3E1.1 ....................................................................... 3

U.S.S.G. § 4A1.2 ................................................................ *passim*

U.S.S.G § 4B1.2 ...................................................... *4, 12, 13, 14*

# Statement of Jurisdiction

This is a direct appeal of a final judgment in a criminal case. The United States District Court for the Northern District of Alabama had original subject matter jurisdiction under 18 U.S.C. § 3231. The district court entered judgment on February 3, 2022. (Doc. 41). Mr. Jews timely invoked this Court's jurisdiction by filing a notice of appeal on February 16, 2022, (*see* Doc. 43), within the 14 days provided by Fed. R. App. P. 4(b)(1)(A)(i). This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

# Statement of the Issues

I.   Whether the district court erred by enhancing Mr. Jews's sentence under U.S.S.G. § 2K2.1 based on its determination that his prior youthful offender adjudication was a "felony conviction" that qualified as a "crime of violence," where Mr. Jews was under 18 at the time of that offense and Alabama law is clear that a youthful offender adjudication is not an adult felony conviction.

II.  Whether the district court erred by assigning Mr. Jews's prior youthful offender adjudication three criminal history points under U.S.S.G. § 4A1.2(d), where Alabama youthful offender proceedings are procedurally unique from adult criminal proceedings.

# Statement of the Case

## I. Statement of Facts and Course of Proceedings Below

Mr. Jews was charged in a one-count indictment with possessing a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g). (Doc. 1). He pleaded guilty to that count pursuant to a written plea agreement.[1] (Doc. 30; Doc. 49[2] at 20).

Prior to sentencing, a probation officer prepared a presentence investigation report ("PSR"). The PSR assigned Mr. Jews a base offense level of 24, U.S.S.G. § 2K2.1(a)(2), by concluding that he had committed the charged offense after sustaining two felony convictions that qualified as crimes of violence. (PSR ¶ 14). In relevant part, the PSR categorized Mr. Jews's prior Alabama youthful offender adjudication ("YO

---

[1] The plea agreement contains a "Waiver of Right to Appeal and Post-Conviction Relief." (Doc. 30 at 6-7). At the change-of-plea hearing, however, the district court did not adequately review the waiver with Mr. Jews. (Doc. 49 at 17). The court neither explained to Mr. Jews that the agreement included a waiver of the right to appeal the conviction and sentence in most circumstances nor confirmed that Mr. Jews understood that fact. *Cf* Fed. R. Crim. P. 11(b)(1)(N); *United States v. Bushert*, 997 F.2d 1343, 1350-52 (11th Cir. 1993) (describing the district court's duty to ensure knowing and voluntary waiver of appeal rights). Because it is not manifestly clear from the record that Mr. Jews understood the waiver's significance, it is unenforceable. *See Bushert*, 997 F.2d at 1353.

[2] Citations to transcripts in this brief refer to the page number generated by the court reporter.

adjudication") as one of two crimes of violence. (*Id.*). He also received three points for the offense, U.S.S.G. § 4A1.2(d). (*Id.* ¶ 30). Mr. Jews had a criminal history category of V, which, combined with an offense level of 21 resulted in a Guidelines range of 70 to 87 months' imprisonment.[3]

Mr. Jews objected to the PSR's classification of his YO adjudication as a "crime of violence" to enhance his offense level and to its assignation of three criminal history points. (Doc. 37; Doc. 39 at 2-6). He noted that the adjudication should not qualify as a crime of violence because it was not an adult felony under Alabama law, and thus did not qualify as a "prior felony offense" under the Guidelines. (Doc. 39 at 2-6). Namely, Mr. Jews had committed the offense when he was 16 years' old and proceeded through Alabama's YO adjudication process rather than the adult criminal court. (*Id.*).

---

[3] Absent the enhancement under U.S.S.G. § 2K2.1(a)(2), Mr. Jews would have a base offense level of 20, U.S.S.G. § 2K2.1(a)(4). Following the applicable three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1, Mr. Jews would have a total offense level of 17. Without the three additional criminal history points assigned the YO adjudication, Mr. Jews would have a criminal history category of IV. (PSR ¶¶ 37-37). His resulting Guidelines range would be 37 to 46 months' imprisonment. U.S.S.G. ch. 5, pt. A.

For offenses where a defendant is less than 18 at the time of a prior offense, the relevant guideline commentary for U.S.S.G. § 2K2.1(a)(2) defers to the law of the jurisdiction where the offense occurred. Accordingly, the district was required to determine whether Alabama law considers Mr. Jews's adjudication as an adult felony conviction. (*Id.* at 2-3). Mr. Jews argued that because Alabama law is clear that a YO adjudication does not qualify as a conviction, his adjudication does not count as a prior felony conviction within the meaning of the Guidelines. (*Id.* at 2-6).

The district court overruled Mr. Jews's objection, focusing on the fact that the original charge was robbery. The court stated:

> I do find that it is a crime of violence under 4B1.2(a) because, again, it was punishable by more than a year, and robbery is one of the enumerated crimes. Just reading, plainly, the notes and reading the guideline, I believe, it fits.
>
> Again, if the argument is that youthful offender changes it away from robbery, or that it is no longer a robbery, then that's an argument that can be made, but what I have in front of me shows that it would fit within it. As far as the points, I think, it clearly fits in 4A1.1(a) because it -- all it requires under 1(a) is that the sentence be greater than one year and one month, and the sentence was three years, and he served more than a year and a month.
>
> But again, as I said from the beginning, the Alabama [C]ode, sort of, overall says that anyone who is 16 years or greater, under 12-15-204(a), is tried as an adult when they are

4

charged with a crime including robbery with the use of a firearm. So, for those reasons, I'm going to overrule the objection.

(Doc. 51 at 14-15).

With that ruling, the court determined that the Guidelines range was 70 to 87 months' imprisonment and imposed a sentence of 60 months' imprisonment, followed by a 3-year term of supervised release. (*Id.* at 21-22; Doc. 41 at 2-3). Without the YO adjudication classified as a crime of violence for purposes of § 2K2.1(a)(2), the Guidelines range is 37 to 46 months' imprisonment. Mr. Jews is currently serving his federal sentence at USP Big Sandy in Inez, Kentucky.

## II. Standard of Review

This Court reviews "a district court's interpretation and application of the Sentencing Guidelines *de novo*, and review its factual findings for clear error." *United States v. Elliot*, 732 F.3d 1307, 1310 (11th Cir. 2013).

# Summary of the Argument

The district court erred in calculating Mr. Jews's offense level as a 24 under U.S.S.G. § 2K2.1, because it incorrectly concluded that his prior Alabama YO adjudication was a "felony conviction" that qualified as a "crime of violence." The commentary to § 2K2.1 defines felony convictions to include only adult felony convictions. And it further instructs that, where an offender was under the age of 18 when he committed the prior offense, a court must look to the laws of that jurisdiction to determine whether a particular offense is an adult conviction. As to Mr. Jews's prior adjudication, Alabama law is clear that YO adjudications are separate and distinct from adult convictions. Thus, the court erred in relying on that offense to enhance Mr. Jews's offense level.

The court likewise erred in assigning three criminal history points to Mr. Jews's YO adjudication. Alabama's YO proceedings are procedurally distinct and unique from adult criminal proceedings. As such, a YO adjudication should not qualify as an "adult conviction" under U.S.S.G. § 4A1.2(d).

# Argument

I. **The district court erred by enhancing Mr. Jews's sentence under U.S.S.G. § 2K2.1 based on its determination that his prior youthful offender adjudication was a "prior felony conviction" that qualified as a "crime of violence."**

Mr. Jews's prior Alabama YO adjudication cannot increase his base offense level under U.S.S.G. § 2K2.1. The Sentencing Commission's commentary to § 2K2.1 makes clear that, where a defendant committed the prior offense before the age of 18, a sentencing court must look to the law of that jurisdiction to determine whether the offense qualifies as a "prior felony conviction." Thus, here, Mr. Jews's YO adjudication qualifies as a "prior felony conviction" only if Alabama classifies it as an adult conviction. Alabama law is clear that a YO *adjudication* does not qualify as a criminal *conviction*. Because Mr. Jews's YO adjudication does not qualify as a "prior felony conviction" under the Guidelines, it cannot enhance his base offense level under § 2K2.1.

> *a. A prior Alabama YO adjudication based on an offense committed before the age of 18 does not qualify as an "adult felony" under Alabama law, and thus, is not a "prior felony conviction" under U.S.S.G. § 2K2.1.*

Section 2K2.1 of the Sentencing Guidelines, which governs convictions under 18 U.S.C. § 922(g), provides for an enhanced base

7

offense level where a person has a "prior felony conviction" that qualifies as a "crime of violence." The commentary to the guideline defines a "prior felony conviction" as:

> a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed. A conviction for an offense committed at age eighteen or older is an adult conviction. **A conviction for an offense committed prior to age eighteen is an adult conviction if it is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted** (e.g., a federal conviction for an offense committed prior to the defendant's eighteenth birthday is an adult conviction if the defendant was expressly proceeded against as an adult).

U.S.S.G. § 2K2.1, cmt n. 1 (emphasis added).

The district court here reasoned that Mr. Jews's YO adjudication, which was for an offense committed when he was just 16 years' old, qualified as a "prior felony conviction" that was for a "crime of violence." That was error, because it misinterpreted how the state of Alabama classifies YO adjudications. Because Mr. Jews committed the relevant offense when he was 16 years' old, it would count as a "prior felony conviction" only if the YO adjudication is classified as an adult conviction under the laws of Alabama. In holding that Mr. Jews's YO adjudication

qualified as a prior felony offense, the district court relied in part on an Alabama statute that requires any person aged 16 or older be charged and tried as an adult if charged with certain offenses, including the underlying offense at issue here. *See* Ala. Code § 12-15-204(a). But that reliance is misplaced, because Alabama state courts have clearly held that § 12-15-204(a) does not preclude a person who has been automatically transferred to adult court from seeking a YO adjudication. *J.C. v. State*, 941 So. 2d 1011, 1012-13 (Ala. Crim. App. 2005). Indeed, that is what occurred in Mr. Jews's case as he was originally charged in adult criminal court and then transferred for YO proceedings. And as explained below, Alabama does not classify YO adjudications as adult criminal convictions.

Alabama law is clear that YO adjudications are not *convictions*. *See* Ala. Code § 15-19-7 (a YO adjudication "shall not be deemed a conviction of a crime"). These adjudications result from proceedings are that markedly different in order to protect those charged as youthful offenders "from the stigma and practical consequences of a conviction for a crime." *Raines v. State*, 317 So. 2d 559, 564 (Ala. 1975); *see also Gordon v. Nagle*, 2 F.3d 385, 387 (11th Cir. 1993) ("An adjudication made pursuant to the

Youthful Offender Statute is very different from conviction of an adult."). First, early in a criminal proceeding, an Alabama court determines whether a particular offender may proceed as a youthful offender. *State v. A.J.*, 877 So. 2d 635, 638 (Ala. Crim. App. 2003) (noting that the determination to grant or refuse youthful offender treatment must be made near the commencement of a criminal action and before entry of a plea). If he is granted YO status, then no other action is taken on the indictment or information and the offender is arraigned as a youthful offender. Ala. Code. § 15-19-1(b). Alabama law provides that YO proceedings must be conducted at court sessions separate from adult criminal proceedings. Ala. Code § 15-19-3 ("The trial of youthful offenders and proceedings involving them shall be conducted at court sessions separate from those for adults charged with crime."). The proceeding shifts away from the adult criminal court and the offender lacks the right to a jury trial. Ala. Code § 15-9-4 ("the trial as youthful offender shall be before the judge without a jury").

Moreover, YO adjudications have a very different effect than adult convictions under Alabama law. The collateral consequences of a YO adjudication are limited—the adjudication does not disqualify the

10

offender from public office or public employment, or make him ineligible for public licensing. Ala. Code § 15-19-7(a). And while it may be considered in imposing a sentence for a later offense, it is not a prior felony conviction under Alabama's Habitual Offender Act. *Ex parte Thomas*, 435 So. 2d 1324, 1326 (Ala. 1982). Finally, a prior YO adjudication is not grounds for impeaching a witness in a later trial. *Hunt v. State*, 453 So. 2d 1083, 1087 (Ala. Crim. App. 1984) (overruled on other grounds in *Ex parte Marek*, 556 So. 2d 375, 379 (Ala. 1989). As these examples show, Alabama law is replete with circumstances that show that a YO adjudication is distinct from an adult felony conviction.

Alabama law does not classify a YO adjudication as an adult conviction. And because the guideline defers to Alabama's classification because Mr. Jews committed the prior offense before the age of 18, his prior YO adjudication is not an "adult felony conviction," and so cannot qualify as a "prior felony conviction" under U.S.S.G. § 2K2.1, cmt n. 1.

> b. *This Court has not yet addressed whether an Alabama YO adjudication, when committed by a defendant under the age of 18, is as an "adult felony conviction," and thus qualifies as a "prior felony conviction."*

Prior cases in which this Court has held that YO adjudications qualify as prior felony convictions under the Guidelines are

distinguishable from the issue in Mr. Jews's case, and do not establish that an Alabama YO adjudication for an offense committed before the age of 18 would so qualify. In *United States v. Elliot*, this Court held that the appellant's Alabama YO adjudication, which arose from an offense committed at age 20, qualified as an adult conviction under the career-offender guideline.[4] 732 F.3d 1307, 1313 (11th Cir. 2013). But unlike Mr. Jews's case, Alabama law did not control the analysis in *Elliot* because the offense underlying the YO adjudication occurred *after* Mr. Elliot turned 18. *See id.* at 1311 ("Elliot was 20 years old when he committed the Alabama state offense, and we need not resort to state law to determine whether that adjudication qualified as an adult conviction."). The commentary to § 4B1.2 directs that any conviction sustained *after* age 18 is an adult conviction and a "prior felony conviction" within the meaning of § 4B1.2, "regardless of whether such offense is specifically designated as a felony" in the underlying jurisdiction. U.S.S.G § 4B1.2, cmt. n. 1. Thus, this Court in *Elliot* assessed only whether the prior

---

[4] The definition of "prior felony conviction" in the commentary to the career-offender guideline, U.S.S.G. § 4B1.2, matches nearly verbatim the definition of "felony conviction" in the commentary to § 2K2.1.

adjudication would qualify as a "conviction" within the federal meaning of the Guidelines, without relying on Alabama law. 732 F.3d at 1311-13.

The First Circuit, in analyzing Massachusetts's YO law, recognized this distinction. *See United States v. McGhee*, 651 F.3d 153 (1st Cir. 2011). In *McGhee*, the First Circuit acknowledged that the Guidelines generally rely on a uniform standard for the classification of offenses. *Id.* at 157. But it further observed that the commentary to § 4B1.2 specifically emphasizes deference to the laws of the jurisdiction of the prior offense. *Id.* That deference, the Court reasoned, undermines any presumption in favor of a federal standard that ignores state labels. *Id.* As such, the Court concluded that "Massachusetts has classified youthful offender adjudications differently from adult convictions," and so the YO adjudication did not qualify as a career-offender predicate. *Id.* at 157-58.

Moreover, just as this Court did not rely on the state's classification in *Elliot*, it was also not an issue in *United States v. Acosta*, 287 F.3d 1034 (11th Cir. 2002). There, this Court considered whether a New York YO adjudication qualified as a "conviction" within the meaning of the sentencing enhancement provision of 21 U.S.C. § 841(b)(1)(A). The Court held that it did, relying in large part on its prior decision in *United States*

*v. Mejias*, 47 F.3d 401 (11th Cir. 1995). In *Mejias*, the Eleventh Circuit contrasted § 841, which is silent on the matter of federal-versus-state law, with 18 U.S.C. § 921(a)(20). *Id.* at 403-04. Like the portion of § 2K2.1 at issue here, § 921(a)(20) specifically refers to "the law of the jurisdiction in which the proceedings were held." *Accord, United States v. Willis*, 106 F.3d 966, 969-70 (11th Cir. 1997). *Cf. United States v. Hazelett*, 32 F.3d 1313, 1320 (8th Cir. 1994) (holding that a 17-year-old tried as an adult at the state level was adjudged to have an adult conviction under §4B1.2 because the law of the jurisdiction where the under-18 offense was committed is "dispositive").

Neither *United States v. Pinion*, 4 F.3d 941 (11th Cir. 1993), nor *United States v. Wilks*, 464 F.3d 1240 (11th Cir. 2006), which involved offenders under the age of 18, compels otherwise, because the state statutory schemes differ from Alabama's in a critical respect—they classify YO cases as "convictions." In *Pinion*, this Court held that a South Carolina YO conviction qualified as a career-offender predicate. 4 F.3d at 945. Although the South Carolina statutes at that time[5] permitted

---

[5] This appears to be the same today. *See United States v. Sitton,* 21 F.4th 873, 875 (4th Cir. 2022) (South Carolina's youthful offender statute

alternative sentences and other allowances in light of a youthful offender's age, the statutes were also clear that the resolution of such matters was still classified as a "conviction." *See* S.C. Code Ann. §§ 24-19-10(d), (f) (1993).

The same is true of the Florida YO statute examined in *Wilks*. There, the Eleventh Circuit reaffirmed that YO *convictions* can be "crimes of violence," and held that Florida's, like South Carolina's, could be so classified. 464 F.3d 1244-45. But as in South Carolina, Florida's YO statutes differ from Alabama's by considering such offenders to have suffered an actual conviction. *See* Fla. Stat. § 958.04 (2006) (referencing youthful offenders as having been, *inter alia,* "convicted" and having been "found guilty" of a crime under the laws of the state). Indeed, as this Court recognized, while treatment as a youthful offender under Florida law limited the maximum term of imprisonment and type of facility where a defendant serves his sentence, "he was otherwise treated as an adult criminal." *Id.* at 1243. As explained more thoroughly above, a YO adjudication functions differently in Alabama. Namely, Alabama's YO

---

provides for discretionary sentencing alternatives "[u]pon *conviction* of a youthful offender in general sessions court") (emphasis added).

process is both procedurally unique from the adult criminal process and does not result in a conviction.

Under Alabama law, Mr. Jews's YO adjudication is not an adult conviction. And because that adjudication does not qualify as an "adult conviction" under the jurisdiction in which the proceedings originated, it is not a "felony conviction" within the meaning of § 2K2.1. Thus, Mr. Jews did not have two prior felony convictions that qualified as "crimes of violence," and his total offense level should have been 17, not 21. This Court should vacate his sentence and remand for resentencing under a base offense level of 20, U.S.S.G. § 2K2.1(4).

## II. The prior YO adjudication should not result in criminal history points under U.S.S.G. § 4A1.2(d) because Mr. Jews was not convicted as an adult.

Mr. Jews should also not be assessed criminal history points for the YO adjudication. Under U.S.S.G. §4A1.2(d)(1), three points are assigned if the person was "convicted as an adult and received a sentence of imprisonment exceeding one year and one month." For the reasons outlined above, Mr. Jews was not convicted as an adult, but rather was adjudicated as a youthful offender.

16

In assessing whether an offense committed before 18 qualifies as an "adult conviction," this Court assesses "the nature of the proceedings, the sentences received, and the actual time served." *Pinion*, 4 F.3d at 944. The unique procedure of Alabama YO cases shows that a YO adjudication is not an adult conviction. While Mr. Jews's adjudication did occur in a circuit court, it was in a session separated from adult proceedings. *C.f. Id.* 4 F.3d at 944 (noting that the defendant was *convicted* and sentenced in an adult court). And as explained more thoroughly above, Alabama has a host of safeguards in place to separate YO proceedings from adult criminal proceedings and to shield youthful offenders from the stigma of an adult conviction. Thus, even though Mr. Jews received a sentence of three years' confinement and was confined to the Alabama Department of Corrections, his case is distinguishable from cases such as *Pinion*, where this Court has held that a YO *conviction* is an "adult conviction" within the Guidelines.[6]

---

[6] Additionally, the *Elliot* case would not control the analysis here, as it focused on whether a YO adjudication constituted a conviction at all, not whether it qualified as an "adult conviction." *Elliot*, 732 F.3d at 1311-13.

17

Thus, the district court erred in assigning three criminal history points based on the prior YO adjudication. Because Mr. Jews was released from confinement on that case more than five years before the instant offense, no points should have been assessed. *See* U.S.S.G. § 4A1.2(d)(2). That would reduce his criminal history category from V to IV, which, combined with an offense level of 17, results in a Guidelines range of 37 to 46 months' imprisonment. Mr. Jews respectfully requests that his sentence be vacated and remanded to the district court for resentencing based on that Guidelines range.

# Conclusion

The district court erred in enhancing Mr. Jews's based offense level under U.S.S.G. § 2K2.1(a)(2) and in calculating his criminal history points under U.S.S.G. § 4A1.2(d). Accordingly, Mr. Jews requests that this Court vacate his sentence and remand to the district court for resentencing without the enhanced base level.

Respectfully Submitted,

KEVIN L. BUTLER
Federal Public Defender
Northern District of Alabama

ALLISON CASE
Assistant Federal Public Defender

ALEXANDRIA DARBY
Appellate Attorney
200 Clinton Ave West, Suite 503
Huntsville, AL 35801
256-684-8700
Alex_Darby@fd.org

19

# Certificate of Compliance

Counsel for Deunate Jews certifies under Fed. R. App. P. 32(g) that this brief complies with the volume limitations set forth in Fed. R. App. P. 32(a)(7)(B) and 11th Cir. R. 32-4. The brief contains 3,812 countable words. Century Schoolbook 14 is the style and type size used in this brief.

_____
Alexandria Darby

# Certificate of Service

I certify that on May 19, 2022, the foregoing brief was filed electronically using this Court's CM/ECF system, which will provide notice of filing to all counsel of record. A true and correct copy was also served by either first-class United States mail or Federal Express overnight delivery, postage prepaid, on the following people:

Deunate Tarez Jews
Reg. No. 04100-509
USP Big Sandy
P.O. Box 2068
Inez, KY 41224

On this same date, the original and additional copies of the foregoing brief were filed by Federal Express overnight delivery, postage prepaid, addressed as follows:

Clerk's Office — Appeal No. 22-10502
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street N.W.
Atlanta, Georgia 30303

Alexandria Darby